UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 20-cr-20218-KMW

UNITED STATES OF AMERICA,

v.

FELIX SALAS GARCIA,

  Defendant.

_____/

## FACTUAL PROFFER

Defendant, Felix Salas Garcia ("Defendant"), his counsel, and the United States of America agree that, had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

On or about September 3, 2020, while patrol, a United States Marine Patrol Aircraft (MPA) detected a Go-Fast Vessel (GFV) approximately 57 nautical miles west of Isla de Malpelo, Colombia in international waters. United States Coast Guard Cutter (USCGC) Harriet Lane (HAR) received authorization to board the GFV based on the fact the GFV was a vessel suspected of illicit maritime activity, was reasonably suspected of being without nationality, was displaying no indicia of nationality, and was located in international waters. The vessel was also operating in a known drug trafficking area, and was maneuvering erratically at a high rate of speed. Law enforcement also observed 7 packages on the GFV consistent with contraband, as well as multiple similar packages floating in the water surrounding the GFV.

The USCG boarding team found the Defendant and his co-defendant on board the GFV. A check of the GFV yielded no physical flag flown, no registration documents, no registration number painted on the hull, no homeport painted on the hull, no name on the hull, no other markings painted on the hull, no claimed master, and no claim of nationality for the vessel. Based on the investigation to that point, the USCG was authorized to treat the GFV as a vessel without

nationality. The vessel was, in fact, vessel without nationality. Due to the limited space onboard, the USCG boarding crew disembarked the defendants from the GFV. The USCG boarding crew checked the suspected contraband found on deck, and found that it contained a white powdery substance. The substance was field tested, and it was determined that the white powdery substance was cocaine. The GFV boarding team recovered 17.5 bales of cocaine in the water, and 7 bales of cocaine from on the boat. The bales found in the water had been thrown overboard by the defendants. The cocaine recovered from the Defendant's boat had an at-sea weight of 556 kilograms.

The Defendant conspired with his co-defendant on the boat, and people in Colombia, to possess more than five kilograms of cocaine while on board a vessel without nationality in international waters, subject to the jurisdiction of the United States. He was to be paid for his work in transporting the cocaine on the boat, and delivering that cocaine to its planned recipients.

The Parties agree that the above facts, which do not include all the facts known to the Government and the Defendant, are sufficient to prove the guilt of the Defendant in the above-referenced matter.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 3/29/2021            By: _____

FREDERIC C. SHADLEY
ASSISTANT UNITED STATES ATTORNEY

Date: 3/23/2021            By: _____

ERICK CRUZ, ESQ.
COUNSEL FOR DEFENDANT

Date: 3/23/2021            By: _____

FELIX SALAS GARCIA
DEFENDANT

2